DRAGON, APPELLANT, *v.*
THE STATE OF OHIO, APPELLEE.

(No. 87AP-987 — Decided
March 15, 1988.)

*Morgenstein & MacAdams Co.,
L.P.A.,* and *Paula J. MacAdams,* for
appellant Gerald G. Dragon.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jordan Finegold,*
for appellee.

REILLY, J. This is an appeal from a judgment of the Court of Claims dismissing plaintiff's civil action wherein he sought a claim of compensation, pursuant to R.C. 2743.48, for the approximately three-year period in which he was incarcerated after his probation was incorrectly revoked.

The relevant facts are as follows. Plaintiff pled guilty to a felony charge in May 1982. He was sentenced to a three-to-ten-year prison term. Subsequently, he was placed on two years' probation on certain conditions. Thereafter, his probation was revoked. Following a denial by the trial court of plaintiff's petition to vacate and set aside the judgment and sentence, the Eighth District Court of Appeals reversed the order revoking probation because the revocation hearing was conducted in such a manner that his due process rights were violated.

This cause arises from plaintiff's action brought against the state of Ohio, pursuant to R.C. 2743.48, seeking compensation for his wrongful imprisonment. The Court of Claims sustained defendant's motion to dismiss. Plaintiff timely filed a notice of appeal and has asserted the following assignments of error:

"I. The trial court erred in granting defendant's motion to dismiss.

"II. The trial court erred, as a matter of law, in dismissing plaintiff's complaint with prejudice."

Plaintiff's assignments of error are interrelated and are considered together. When the common pleas court determines that a person has been wrongfully imprisoned, he may commence a civil action against the state for monetary damages. See R.C. 2743.48. The common pleas court is vested with sole and exclusive jurisdiction to make such a determination. R.C. 2743.48(A) expressly provides that a "wrongfully imprisoned person" is one who meets all four of the following separate requirements set forth under R.C. 2743.48(A)(1) through (4):

"(A) As used in this section, a 'wrongfully imprisoned individual' means an individual who satisfies each of the following:

"(1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, the effective date of this section, and the violation charged was an aggravated felony or felony.

"(2) He was found guilty of the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.

"(3) He was sentenced to an indefinite or definite term of imprison-

ment in a state penal or reformatory institution for the offense of which he was found guilty.

"(4) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person."

In this case, the common pleas court made no determination that plaintiff was wrongfully imprisoned. Neither did the Court of Claims make a determination that plaintiff was "wrongfully imprisoned" as defined by R.C. 2743.48(A)(1) through (4), but based its decision on a violation of plaintiff's due process rights. Nevertheless, the offense to which he pled guilty was not "* * * determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person." R.C. 2743.48 (A)(4).

Plaintiff has not alleged that he did not commit the felony offense. Hence, the issue becomes whether R.C. 2743.48 applies to incarceration for time spent for an incorrect revocation of probation. The express language in R.C. 2743.48(A)(1) through (4) does not include an incorrect revocation of probation for which plaintiff can seek an award of compensation against the state.

R.C. 2743.48(A)(4) requires the court of common pleas to make a determination that plaintiff is not guilty of the felony offense for which he was charged. The fact that plaintiff's probation was incorrectly terminated does not affect his plea of guilty to a felony offense, his sentencing, and subsequent incarceration. Plaintiff did not challenge the validity of his conviction. If the legislature intended, in the statute, to provide for persons who had their probation incorrectly revoked, it would have expressly done so.

For the foregoing reasons, the Court of Claims did not err in dismissing plaintiff's claim for compensation against the state. Plaintiff's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and BOWMAN, J., concur.